IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| WILLIAM ALLEN KIRKLAND | § | |
| | § | |
| PLAINTIFF | § | |
| VS | § | CASE NO. 2:08-CV-86- |
| | § | |
| THE COUNTY COMMISSION | § | |
| OF ELMORE COUNTY, | § | |
| ALABAMA; | § | |
| JAILER KEARLEY; and | § | |
| CHIEF DEPUTY RICKEY LOWERY | § | |
| DEFENDANTS | § | |

## JURISDICTION

This Court has jurisdiction of this case pursuant to 42 U.S.C. §§1983;1988;28 U.S.C. §§1331, 1343 (a) ( 3 & 4) and the Fourth Amendment and Fourteenth Amendment of the United States Constitution. The Plaintiff also requests this Honorable Court to accept pendent jurisdiction of any and all claims arising out of state law pursuant to 28 U.S.C. §1367.

## COMPLAINT
## PARTIES

COMES NOW, the Plaintiff W. Allen Kirkland, in the above styled case and makes claim against the County Commission of Elmore County, Alabama; Jailer Kearley individually; and Sheriff's Department Chief Deputy Rickey Lowery in his capacity as Chief Deputy and in his individual capacity:

1.  The Plaintiff, W. Allen Kirkland, hereinafter referred to as Kirkland or Plaintiff is over the age of nineteen and a resident of Elmore County, Alabama.

1

2. The first Defendant is an incorporated entity existing in Elmore County, Alabama and subject to the claims made herein and the jurisdiction of this court as defined by 42 USC § 1983, herein after referred to as "Defendant" or "County".

3. The second Defendant is an individual serving as the Jailer or the person exercising dominion and control over Elmore County, Alabama inmates in the detention facility located at 8955 U. S. Highway 231 N Wetumpka, Alabama employed and acting on behalf of the Sheriff of Elmore County, Alabama and subject to the claims made herein as defined by 42 USC § 1983.

4. The third Defendant is the Chief Deputy of the Sheriff of Elmore County, Alabama and is the person in charge of the processing of all documents as required by the Courts

## FACTS

5. On November 16, 2005 the Plaintiff agreed to and did plea to a sexual related crime in the Circuit Court of Elmore County, Alabama case number CC-03-433 and by agreement was to serve thirty (30) days in the Elmore County, Alabama detention facility to begin on January 12, 2006 and was to be released on February 10, 2006. Plaintiff agreed to serve the thirty (30) days currently with a plea and sentence of thirty (30) days in CC-05-340 Elmore County, Alabama.

6. Plaintiff was not released until March 3, 2006. Plaintiff was told on February 10, 2006 that the Jailer and Chief Deputy had not sent out the notices to the public informing the same that a sexual offender would be residing near them at 116 Davis Lane Wetumpka, AL 36093.

## DAMAGES

7.  Plaintiff has been wrongfully detained, denied freedom, denied the comforts of his home, denied the companionship of his wife, denied the companionship of his family, denied the opportunity to work, denied the opportunity to provide for his family, been beaten by other inmates during the wrongful detention period, been made to suffer the frustration of incarceration after his sentencing was completed. Plaintiff has been made to suffer severe mental anguish due to the malicious, intentional, and outrageous acts of Defendants. As a result of Defendants actions, Plaintiff has lost an employment opportunity and suffered economic loss of income as a result.

## COUNT ONE
## 42 U.S.C. SECTION 1983
## VIOLATION OF CIVIL RIGHTS

8.  Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

9.  All citizens are entitled to protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

10. The actions of the Defendants named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful detention in a government detention facility and is a seizure upon the person of the Plaintiff without cause or justification.

11. The actions of Defendants named in this action have violated and

deprived Plaintiff of his Fourteenth Amendment rights in that the wrongful detention of Plaintiff violate Plaintiff's rights of due process. Plaintiff has been injured and damaged as stated in paragraph seven above.

WHEREFORE, Plaintiff demands compensation damages, punitive damages, as the court deems reasonable, attorney's fees, plus costs.

## COUNT TWO
## VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS

12.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

13.     All citizens possess protection of the constitution and amendments to the same. Plaintiff is a citizen and has an entitlement of protection of the constitution and civil rights amendments.

14.     The actions of the Defendants named in this action have violated and deprived Plaintiff of his Fourth Amendment rights by the wrongful detention as a seizure upon the person of the Plaintiff without cause or justification.

15.     As a result of the actions of Defendants, Plaintiff has been injured and damaged as described in paragraph seven above.

WHEREFORE, Plaintiff demands compensation damages, punitive damages as a jury deems reasonable, attorney's fees, plus costs.

## COUNT THREE
## VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

16.     Plaintiff realleges the prior paragraphs into this count as if stated

herein in full.

17.    As a result of Defendant's negligent training of its police officers, Defendants' actions against Plaintiff were an action of conscious disregard for the consequences to Plaintiff in violation of Plaintiff's Fourteenth Amendment Rights.

18.    Defendants actions were unreasonable and unjustified in their actions.

19.    Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.

WHEREFORE, Plaintiff demands compensation damages, punitive damages as the court deems reasonable, and such other and different relief as this Court deems proper, plus costs.

## COUNT FOUR NEGLIGENCE

20.    Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

21.    The County Commission by and through the Jailer and Chief Deputy Sheriff have a duty to carry out the orders of the Court in the matters of detention of its inmates. Defendants have a duty to hold as well as release inmates when the incarcerated persons have fulfilled their sentencing.

22.    As a result of the breach of the duty owed to Plaintiff by Defendants, Plaintiff has been injured and damaged.

23.    Plaintiff Kirkland has been injured and damaged as stated in paragraph seven above.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

### COUNT FIVE NEGLIGENT TRAINING

24.     Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

25.     Defendant County Commission has a duty to train its policemen in all aspects of the detention of inmates.

26.     Defendant County Commission and Sheriff's Department employees failed in their duty to train Defendant Jailer and Chief Deputy Sheriff. Defendants' actions constitute a wrongful seizure of Plaintiff for the days of incarceration beyond the time ordered by the Court.

27.     As a result of the failure of the Defendant County Commission's duty to properly train Defendant Jailer and Chief Deputy Sheriff, Plaintiff Kirkland has been injured and damaged.

28.     Plaintiff has been injured and damaged as stated in paragraph seven above.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

### COUNT SIX WANTONNES

29.     Plaintiff realleges the prior paragraphs into this count as if stated herein in full.

30. As a result of Defendant County Commission's negligent training of its police officers, Defendants' actions against Kirkland were intentional in that Defendants intended to incarcerate Plaintiff, cause harm, and deny freedom to Plaintiff. Defendants' actions prevail in an action of conscious disregard for the consequences to Plaintiff.

31. Defendants actions were unreasonable and unjustified in violation of Plaintiff's Fourth and Fourteenth Amendment rights.

32. Plaintiff has been injured and damaged as described above as a result of the intentional actions of Defendants.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

## COUNT SEVEN WILLFULNESS

33. Plaintiff realleges the prior paragraphs in this count as if stated herein in full.

34. Defendants' actions against Plaintiff were intentional in that Defendants' actions are intentional and did incarcerate Plaintiff, cause harm, injure and deny freedom to Plaintiff wrongfully.

WHEREFORE, Plaintiff demands of Defendants a judgment pursuant to Code of Alabama, in the amount of $100,000.00 plus such other and different relief as this Court deems reasonable, plus costs.

_/s/ Scott Hooper_
J. Scott Hooper, Attorney for Plaintiff

**of counsel:**
**The Hooper Law Firm, PC**
**P.O. Box 230894**
**Montgomery, AL 36123-0894**
**334-271-1555 Office**
**334-271-1552 Facsimile**
<u>jshooper@knology.net</u>

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602003802
Cashier ID: khaynes
Transaction Date: 02/07/2008
Payer Name: THE HOOPER LAW FIRM
-----------------------------------
CIVIL FILING FEE
 For: THE HOOPER LAW FIRM
 Case/Party: D-ALM-2-08-CV-000086-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1082
 Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

WILLIAM ALLEN KIRKLAND V. THE
COUNTY COMMISSION OF ELMORE COUNTY,
AL ET AL
```