IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM ALLEN KIRKLAND, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:08-cv-86-WC |
| | ) |
| ELMORE COUNTY | ) |
| COMMISSION, et al., | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT**
**ELMORE COUNTY COMMISSION'S MOTION TO DISMISS**

COMES NOW the Elmore County Commission, a Defendant in the above-referenced case, and submits this Memorandum Brief in support of its contemporaneously filed Motion to Dismiss.

### INTRODUCTION

On February 7, 2008, the Plaintiff, William Allen Kirkland, filed a Complaint against (1) The Elmore County Commission; (2) "Jailer Kearley"; and (3) Chief Deputy Ricky Lowery (Complaint, ¶¶ 2-4). The Plaintiff's Complaint is almost identical to the one filed in Bracknell v. The County Commission of Montgomery County, 2006 WL 1469297 (M. D. Ala.)[1] The Plaintiff claims that on November 16, 2005, he agreed to plead to a sexual-related crime in the Circuit Court of Elmore County wherein he was to serve thirty (30) days in the Elmore County Jail beginning January 12, 2006, and was to be released on February 10, 2006. (Complaint, ¶ 5). The Plaintiff claims that he was not released until March 3, 2006. (Complaint, ¶ 6). Thus, the Plaintiff claims that he was wrongfully incarcerated from

---

[1] The Complaint, drafted by the same attorney, is different in no respect relevant to the Elmore County Commission. It is worth noting that the Middle District of Alabama dismissed the claims against the County Commission (as well as the other claims). See Bracknell, 2007 WL 2461981 (M. D. Ala.).

February 10, 2006, until March 3, 2006.  (Complaint, ¶¶ 5-6).  The Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments.  (Complaint, Counts I-III).  The Plaintiff also asserts state law claims for negligence, negligent training, wantonness and wilfullness.  (Complaint, Counts IV-VII).

**ARGUMENT**

A motion to dismiss should be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Plaintiff's Complaint contains little more than conclusory allegations that cannot survive a motion to dismiss.  See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted").  "Pleadings must be something more than an ingenious academic exercise in the conceivable."  Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted).  In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6).  Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

In the instant case, the Plaintiff has alleged no facts in his Complaint relating to the Elmore County Commission, or any duty it owed to him.  In fact, the Plaintiff has failed to

allege in his Complaint any action or inaction taken by the Elmore County Commission that has any bearing whatsoever on his claims.

I.  **THE ELMORE COUNTY COMMISSION CANNOT BE HELD LIABLE FOR THE ACTIONS OF THE ELMORE COUNTY SHERIFF OR HIS JAIL ADMINISTRATOR.**

   A.  **The Elmore County Commission cannot be held liable under a theory of *respondeat superior*.**

The Plaintiff has failed to make a single allegation against the Elmore County Commission in his Complaint. Although it is difficult to ascertain any ground upon which the Plaintiff relies in attempting to assert liability on the part of the Elmore County Commission, the Plaintiff cannot hold the Elmore County Commission liable on a theory of *respondeat superior* in this case. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("[T]he language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable ***solely*** because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory") (emphasis in original);

The Eleventh Circuit has analyzed Alabama law with respect to whether Alabama counties possessed any authority over the operation of county jails or the supervision of jail employees and its inmates. 137 F.3d 1285, 1288-1291 (11th Cir. 1998) (en banc). In Turquitt the Eleventh Circuit sitting en banc found as follows:

> A thorough analysis of the [Alabama] Code reveals that ***no statute authorizes counties to supervise inmates in the county jails***; instead, ***authority over inmates is expressly delegated to Alabama sheriffs. Moreover, in operating the jails, sheriffs are subject to control by state executive agencies, not by counties***.

3

> ***Under the Alabama Code, the sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself***.  The Code bestows upon the sheriff "the legal custody and charge of the jail in his county and all prisoners committed thereto." Ala. Code § 14-6-1 (1995).  ***The Alabama Supreme Court has held that § 14-6-1 demonstrates that "the sheriff's authority over the jail is totally independent of the [county commission]."***  King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993).  The sheriff appoints, directs, and controls the deputies and jailers who work at the jail.  Ala. Code § 14-6-105.  ***The County has no authority to manage the sheriff's employees***.  See Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984); see also Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (finding that Alabama county commissioners have no authority to hire or fire deputies or jailers).

Id. at 1289 (emphasis added).  As a result, an Alabama county cannot be held vicariously liable under § 1983 for injuries to a county jail inmate arising from the sheriff's management of the jail.  See also McMillian v. Monroe County, Ala., supra, 520 U.S. 781, 789, 793 (1997) ("Alabama counties are not liable under a theory of *respondeat superior* for a sheriff's official acts that are tortious ... Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties").  Compare, King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993) ("The sheriff of Colbert County is a constitutionally established executive officer of the State of Alabama (Ala. Const.1901, Art. V, § 112, § 138) and is not considered an employee of the county for the purposes of imposing liability upon the county"); Parker v. Amerson, 519 So. 2d. 442, 442 (Ala. 1987) ("A sheriff is not an employee of a county for purposes of imposing liability on the county under a theory of *respondeat superior*."); Stark v. Madison County, 678 So. 2d 787, 788 (Ala. Civ. App. 1996) (finding that an Alabama county has no responsibility for actions of the Sheriff).

To the extent that the Plaintiff's Complaint asserts a federal claim against the Elmore County Commission, that claim is predicated on the alleged unconstitutional actions of the

Elmore County Sheriff and/or his Jail Administrator while Plaintiff was incarcerated in the Elmore County Jail. To the extent that the Complaint presents any state law claim for negligence, that claim must also be premised on a theory of *respondeat superior*. Because the County Commission cannot be held liable under a theory of *respondeat superior* for the actions of a Sheriff or his Jail Administrator, all of the Plaintiff's claims, both state and federal, are due to be dismissed.

**B.     The Elmore County Sheriff is not a final policymaker for the Elmore County Commission.**

Although a county may be held liable for a constitutional violation caused by a policy or custom created by an official "whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of *state* law. See Jett v. Dallas Indep. School Dist., 491 U.S. 701, 737 (1989). Alabama law makes it clear that Sheriffs, their deputies, and their jailers are not county policymakers. See Turquitt, supra; Oliver v. Townsend, 534 So. 2d 1038, 1044 (Ala. 1988); Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991); see also McMillian v. Monroe County, 117 S. Ct. 1734 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties). A sheriff's employees are legally an extension of the sheriff and are likewise considered officers of the State of Alabama. See Ex parte Sumter County, 953 So. 2d 1235 1239-40 (Ala. 2006) (citing Mosely v. Kennedy, 17 So. 2d 536, 537 (Ala. 1944) ("Deputies and jailers are alter egos of the Sheriff and are state employees").

The Alabama Constitution of 1901 provides, "The executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of

state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a *sheriff for each county*." Ala. Const. of 1901, Art. V, § 112 (emphasis added).  See also, Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1289 (11th Cir. 1998) (Recognizing that "[t]he Alabama Supreme Court has held that § 14-6-1 demonstrates that 'the sheriff's authority over the jail is totally independent of the [county commission].'" King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993)).  The sheriff appoints, directs, and controls the deputies and jailers who work at the jail.  Ala. Code § 14-6-105.  The Elmore County Commission has no authority to manage the sheriff's employees.  See Lockridge v. Etowah County Comm'n, 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984); see also Terry v. Cook, 866 F.2d 373, 379 (11th Cir. 1989) (finding that "Alabama county commissioners have no authority to hire or fire deputies or jailers," and holding that "Alabama sheriffs are not county policymakers in their daily management of county jails.").  Consequently, the Elmore County Sheriff is not a policy-maker for Elmore County, and any actions or inactions alleged in the Complaint against him or his Jail Administrator, do not provide a basis for liability for the County, specifically the Elmore County Commission.

      C.    **The Elmore County Commission has no authority over the activities of the Elmore County Sheriff's Office.**

Alabama counties and their governing bodies possess only the limited measure of authority granted to them by the Constitution of Alabama.  Alabama law is clear that a county does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the Sheriff's office.  See Terry v. Cook, 866 F.2d at 379; Crocker v. Shelby County, 604 So. 2d 350; Lockridge v. Etowah County Comm'n, 460 So. 2d at 1363.

6

Under § 36-22-3(4) of the Alabama Code, 1975, the law enforcement activities of a Sheriff and his deputies are state, not county, functions. As executive officers of the State of Alabama, sheriffs and their deputies are not policymakers for their respective counties with respect to law enforcement activities, but, instead, carry out state policy in the enforcement of laws. See McMillian, 520 U.S. at 789; see also King, 620 So. 2d at 625 (sheriff's authority held to be totally independent of the county).

Accordingly, all claims asserted against the Elmore County Commission are due to be dismissed, because the basis for those claims is the alleged actions or inactions of the Elmore County Sheriff, or the Elmore County Jail Administrator, neither of whom are the final policy maker for the Elmore County Commission.

**D.     Plaintiff has failed to allege that any policy of the Elmore County Commission was the moving force behind the alleged violation.**

"[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted). The Plaintiff has failed to allege any practice or policy established by the County Commission which could cause it to be liable for the actions of any person referred to in the Complaint. Further, as discussed above, any custom or policy of the Sheriff or the Jail Administrator cannot be attributed to the County because the Sheriff is not a policymaker for the County. Finally, the Plaintiff cannot show that any such custom or policy was the moving force behind the constitutional violation alleged.

> [I]n *Monell* and subsequent cases, we have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decision-maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403-04 (U.S. 1997) (citations omitted); see also Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993) ("A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."). The Plaintiff's Complaint contains ***no allegations*** specific to the County Commission. There is no allegation showing that the Elmore County Commission promulgated any policy of which the Plaintiff complains. In fact, the Plaintiff has failed to even identify a custom or policy that can be attributed to the County Commission in light of the well settled law concerning the County's limited responsibility over County Jails.

While a county may be held liable for a constitutional violation caused by a policy or custom created by an official "whose edicts or acts may fairly be said to represent official policy," Monell, 436 U.S. at 694, whether a given official is properly viewed as a policymaker for a particular governmental entity must be resolved on the basis of state law. See Jett, 491 U.S. at 737. Alabama law, as interpreted by the United States Supreme Court, clearly establishes that the Sheriff is not a county policymaker, but that the Sheriff acts for the state, and not for the county. See McMillian, 520 U.S. at 788 (holding that an Alabama Sheriff "represents the State of Alabama and is therefore not a

county policymaker."). Accordingly, the Elmore County Commission cannot be held liable based on any alleged policy of the Elmore County Sheriff.

In order to hold a county or municipality liable for constitutional deprivations under § 1983, the Plaintiff must show that the county or municipality was the "moving force" behind the violation. See McElligott v. Foley, 182 F.3d 1248, 1259 (11th Cir. 1999) (affirming summary judgment in favor of county on the basis that the plaintiff did not show "that a county policy or custom was the 'moving force' that caused the alleged constitutional violations."). In order to demonstrate a policy, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to a municipality. The plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the alleged constitutional deprivation. Brown, 520 U.S. at 404; see also Polk County v. Dodson, 454 U.S. 312, 326 (1981). Only "when execution of a government's policy or custom" is responsible for "inflict[ing] the injury," and thus "the moving force of the constitutional violation" is the governmental entity liable. Monell, 436 U.S. at 694; see also Farred v. Hicks, 915 F.2d 1530, 1532-33 (11th Cir. 1990); Anderson v. City of Atlanta, 778 F.2d 678, 685 (11th Cir. 1985). A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the alleged injury. Brown, 520 U.S. at 404.

Because there is no allegation showing that the Elmore County Commission enacted a policy or custom that was the "moving force" behind the Plaintiff's injury, the Plaintiff's claims against this Defendant are due to be dismissed.

II.  **THE ELMORE COUNTY COMMISSION IS IMMUNE FROM PUNITIVE DAMAGES.**

Local governments, such as counties, are immune from punitive damages under § 1983.  Shaw v. Coosa County Comm'n, 330 F. Supp. 2d 1285, 1287-88 (M.D. Ala. 2004) (dismissing claims for punitive damages against the county commission and stating: "[I]t is well-settled that local government entities are immune from punitive damages in actions brought pursuant to 42 U.S.C. § 1983."); City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Wheeler v. City of Pleasant Grove, Ala., 883 F.2d 267, 271 (11th Cir. 1987); Housing Investors, Inc. v. City of Clanton, Ala., 68 F. Supp. 2d 1287, 1296 (M.D. Ala. 1999); see 42 U.S.C. § 1981a(b)(1) (stating that punitive damages are not permitted against a "government, government agency or political subdivision").  Accordingly, because the Elmore County Commission is immune from punitive damages under 42 U.S.C. § 1983, all claims for punitive damages against the Elmore County Commission under § 1983 are due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, the Defendant Elmore County Commission moves this Court to dismiss this action against it, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and grant unto it costs and attorney's fees pursuant to law and 42 U.S.C. § 1988.

Respectfully submitted this 10th day of March, 2008.

                                                  s/Daryl L. Masters
                                                  DARYL L. MASTERS (MAS018)
                                                  C. RICHARD HILL, JR. (HIL045)
                                                  Attorneys for Defendants

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rrobertson@webbeley.com

### CERTIFICATE OF SERVICE

    I hereby certify that on this the 10th day of March, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participant:  **J. Scott Hooper, Esquire.**

                                              **s/Daryl L. Masters**
                                              OF COUNSEL