IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM ALLEN KIRKLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:08-cv-86-WC |
| | ) |
| ELMORE COUNTY | ) |
| COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM BRIEF IN SUPPORT OF CHRISTOPHER KEARLEY AND RICKY LOWERY'S MOTION TO DISMISS

COME NOW Christopher Kearley (hereinafter "Kearley") and Ricky Lowery (hereinafter "Lowery"), Defendants in the above-referenced case, and submit this Memorandum Brief in support of their contemporaneously filed Motion to Dismiss.

### INTRODUCTION

On February 7, 2008, Plaintiff, William Allen Kirkland, filed a Complaint against (1) The Elmore County Commission; (2) "Jailer Kearley"; and (3) Chief Deputy Ricky Lowery (Complaint, ¶¶ 2-4). The Plaintiff's Complaint is almost identical to the one filed in Bracknell v. The County Commission of Montgomery County, 2006 WL 1469297 (M. D. Ala.).[1] The Plaintiff claims that on November 16, 2005, he agreed to plead to a sexual-related crime in the Circuit Court of Elmore County wherein he was to serve thirty (30) days in the Elmore County Jail beginning January 12, 2006, and was to

---

[1] The Bracknell Complaint, drafted by the same attorney, alleged that Mitchell Bracknell was due to be released from his sentence in the Montgomery County Jail on May 30, 2005, but was not released until July 12, 2005. See Bracknell, 2006 WL 1469297 (M. D. Ala.). The Plaintiff initially sued the County Commission of Montgomery County, Sheriff D. T. Marshall, and fictitious parties. Id. The Plaintiff later added Gina M. Savage, Director of the Montgomery County Detention Facility as a Defendant. Bracknell, 2007 WL 1034961 (M. D. Ala.). After a diligent search, it appears to undersigned counsel that each Defendant was dismissed as a matter of law.

be released on February 10, 2006. (Complaint, ¶ 5). The Plaintiff claims that he was not released until March 3, 2006. (Complaint, ¶ 6). Thus, the Plaintiff claims that he was wrongfully incarcerated from February 10, 2006, until March 3, 2006. (Complaint, ¶¶ 5-6). The Plaintiff asserts federal claims pursuant to 42 U.S.C. § 1983 alleging violations of the Fourth and Fourteenth Amendments. (Complaint, Counts I-III). The Plaintiff also asserts state law claims for negligence, negligent training, wantonness and wilfullness. (Complaint, Counts IV-VII).

**ARGUMENT**

A motion to dismiss should be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) (affirming district court's grant of 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Plaintiff's Complaint contains little more than conclusory allegations that cannot survive a motion to dismiss. See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). "Pleadings must be something more than an ingenious academic exercise in the conceivable." Marsh v. Butler County, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted). In addition, unsupported conclusions of law or of mixed law and fact are not sufficient to withstand dismissal under Rule 12(b)(6). Marsh, 268 F.3d at 1036 n.16; see also South Florida Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th

Cir. 1996) (noting "as a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss").

In the instant case, the Plaintiff has alleged no facts in his Complaint relating to Ricky Lowery and Christopher Kearley, or any duty they owed to the Plaintiff. In fact, the Plaintiff has failed to allege in his Complaint any action or inaction taken by Lowery and Kearley that has any bearing whatsoever on his claims.

**I. PLAINTIFF'S FEDERAL OFFICIAL CAPACITY CLAIMS AGAINST CHIEF DEPUTY LOWERY MUST BE DISMISSED BECAUSE HE HAS ABSOLUTE IMMUNITY.**

The Plaintiff has sued "Jailer Kearley" "individually" and Chief Deputy Lowery "in his capacity as Chief Deputy and in his individual capacity." In dismissing the official capacity claims in Bracknell v. Montgomery County Commission, 2007 WL 1034961 (M. D. Ala.), Judge Keith Watkins held:

> The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state". The Eleventh Amendment effectively bars any suit against the States for money damages brought by citizens of that state. The Eleventh Amendment not only applies to suits brought against a State within the State's courts, but also applies "to suits brought in federal court by citizens of that state". Harbert Intern., Inc. v. James, 157 F.3d 1271, 1277 (11th Cir.1998). A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). A suit against a state official in her official capacity is essentially a suit against the state, and therefore "a state official sued in [her] official capacity [is] also protected by the [Eleventh Amendment]. Harbert Intern ., Inc., 157 F.3d at 1277.

Thus, as in Bracknell, supra, the claims against Chief Deputy Lowery "in his capacity as Chief Deputy" are due to be dismissed.

II. **THE PLAINTIFF HAS NO CAUSE OF ACTION UNDER THE FOURTH AMENDMENT**

The Plaintiff has sued "Jailer Kearley" and Chief Deputy Lowery based on the Fourth Amendment to the United States Constitution. As Judge Watkins held in Bracknell, 2007 WL 1034961 (M. D. Ala.), this is not proper:

> Plaintiff is in essence complaining that he was falsely imprisoned by Savage. A false imprisonment claim is properly analyzed under the Fourteenth Amendment, rather than under the Fourth Amendment protection against unlawful search and seizure…. See Cannon v. Macon County, 1 F.3d 1558, 1563 (11th Cir.1993) (holding that the plaintiff must establish that an imprisonment "worked a violation of fourteenth amendment due process rights."); Douthit v. Jones, 619 F.2d 527, 532 (5th Cir .1980) (noting that the fourteenth amendment governs false imprisonment actions); Davis v. Hall, 375 F.3d 703, 712 (8th Cir .2004) (due process clause of the fourteenth amendment protects an individual from detention after his release date). Because Plaintiff's claims are properly analyzed under the framework of substantive due process of the Fourteenth Amendment, his Fourth Amendment claims are DISMISSED.

Similarly, in this matter, the Plaintiff's Fourth Amendment claims are due to be dismissed.

III. **KEARLEY AND LOWERY ARE ENTITLED TO QUALIFIED IMMUNITY**

When discussing nearly identical claims, Judge Watkins found that those claims were "woefully inadequate." See Bracknell, 2007 WL 1034961 (M. D. Ala.):

> "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would

4

have known'." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). While qualified immunity is typically addressed at the summary judgment stage, the defense may be raised and considered on a motion to dismiss. St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir.2002) (citing Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir.2001)). "To be even potentially eligible for qualified immunity, the official has the burden of establishing that he was acting 'within the scope of his discretionary authority'." O'Rourke v. Hayes, 378 F.3d 1201, 1205 (11th Cir.2004) (quoting Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir.1995)).

Once it is established that the defendant was acting within her discretionary authority, the burden shifts to the plaintiff to prove that qualified immunity is not warranted. Vinyard, 311 F.3d at 1346. The Supreme Court has articulated a two-part test in the qualified immunity analysis. First, the court must determine whether the plaintiff's allegations establish a constitutional violation. Hope v. Pelzer, 536 U.S. 730, 736 (2002); Saucier v. Katz, 533 U.S. 194, 201 (2001) (stating that the court must evaluate the complaint to determine if, assuming the allegations are true, it pleads a cognizable violation of the constitution). If this is answered in the affirmative, the court's next step is to determine whether the right in question was clearly established. Saucier, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Id. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999) (stating that "the right allegedly violated must be defined at the appropriate level of specificity before a court can determine if it was clearly established.")). In essence, a defendant is entitled to "fair warning" that her alleged conduct would be unconstitutional. Hope, 536 U.S. at 741. It has been established in the Eleventh Circuit that an individual has a constitutional right to be "free from continued detention after it was or should have been known that the detainee was entitled to release...." Cannon, 1 F.3d at 1563; Fleming v. Dowdell, 434 F.Supp.2d 1138, 1148 (M.D.Ala.2005) (acknowledging that an individual has a constitutional right to be free from illegal incarceration); Whirl v. Kern, 407 F.2d 781 (5th Cir.1968); Douthit v. Jones, 619 F.2d 527 (5th Cir.1980) (holding that a

5

> detention of thirty days beyond the sentence imposed on an individual is sufficient to establish a deprivation of due process).… In establishing a *prima facie* case of unlawful detention, Plaintiff must fulfill the common law elements of unlawful imprisonment: "(1) [the Defendant's] intent to confine, (2) [Defendant's] acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm." Orega v. Christian, 85 F.3d 1521, 1527 n. 2 (11th Cir.1996).

As in Bracknell, the Plaintiff has not pled sufficient facts to support that either "Jailer Kearley" or Chief Deputy Lowery violated his substantive due process rights. The Plaintiff simply alleges that he was deliberately confined in the Elmore County Jail from February 10, 2006, until March 3, 2006 (Complaint ¶¶ 5-6). However, he simply asserts that "he was told" that the reason for this wrongful incarceration was due to "the Jailer and Chief Deputy" not sending "out the notices to the public informing the same that a sexual offender would be residing near them…" (Complaint at ¶ 6). The Plaintiff has not established how Kearley or Lowery was involved in any alleged due process violation or whether he even complained about this violation to either Kearley or Lowery.

The Plaintiff alleges that "[a]s a result of the Defendants' negligent training of its police officers, the Defendants' actions against Plaintiff were an action of Fourteenth Amendment Rights" (Complaint at ¶ 17). The Complaint, however, fails to allege "deliberate indifference," which is necessary for a Fourteenth Amendment claim. See Bracknell, 2007 WL 1034961 (M. D. Ala.). The "Plaintiff must show more than mere acts of negligence and conclusory theories of supervisor liability in order to establish the deliberate indifference necessary to satisfy a violation of substantive due process." Id. Finally, the Complaint confuses state law claims with a constitutional violation. As in Bracknell, supra, the Plaintiff alleges that the Defendants' negligent actions caused a

conscious disregard of the Plaintiff's constitutional rights. Simply put, this is not a cognizable claim. Davidson v. Cannon, 474 U.S. 344 (1986).

> IV. **KEARLEY AND LOWERY MAY NOT BE HELD LIABLE TO THE PLAINTIFF UNDER A THEORY OF *RESPONDEAT SUPERIOR***

As Judge Watkins held in Bracknell v. Montgomery County Commission, 2007 WL 1034961 (M. D. Ala.), these Defendants may not be held liable under a theory of *respondeat superior*. It appears that by not alleging direct personal involvement, the Plaintiff is attempting to hold these Defendants liable under a *respondeat superior* theory of liability. To the extent Plaintiff seeks relief on that basis,

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996). There are absolutely no facts that show that Defendants personally participated in any alleged constitutional violation. Therefore, the Plaintiff's claim against the Defendants is due to be dismissed.

> V. **THE PLAINTIFF'S STATE LAW CLAIMS ARE DUE TO BE DISMISSED AS A MATTER OF LAW BECAUSE DEFENDANTS ARE ENTITLED TO ABSOLUTE SOVEREIGN IMMUNITY AND THIS COURT LACKS JURISDICTION TO HEAR THE PLAINTIFF'S STATE LAW CLAIMS.**

These claims should be dismissed for two reasons. First, ***all*** of the Plaintiff's state law claims against the Defendants fail because they are entitled to absolute sovereign

immunity.  Second, the Eleventh Amendment to the United States Constitution deprives this Court of jurisdiction to hear the Plaintiff's state law claims.

### A.     **Defendants Are Entitled to Sovereign Immunity.**

The Defendants, in their individual capacities, are absolutely immune to all of the Plaintiff's state law claims.  Under Alabama law, each county sheriff is an executive officer of the State.  See Article V, § 112 of the Alabama Constitution; McMillian v. Monroe County, Ala., 520 U.S. 791, 793 (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties).  A sheriff's deputies are similarly considered executive officers of the State.  See Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991); Carr v. City of Florence, Ala., 916 F.2d 1521, 1525-26 (holding that, under Alabama law, a deputy is legally an extension of the sheriff).  As executive branch, constitutional officers of the State, the Defendants are immune from suit under Article I, § 14 of the Alabama Constitution of 1901.  This section immunizes Defendants from *all* state law claims, including constitutional claims, even though sued in their individual capacities.  Tinney, 77 F.3d 378, 383 (holding sheriff and deputy sheriff were entitled to state sovereign immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1431 (11th Cir. 1998) (holding sheriff and jailers were entitled to sovereign immunity); Parker v. Amerson, 519 So.2d 442, 445 (1987) (holding the Sheriff immune from suit although sued "individually, and as Sheriff"); Hereford v. Jefferson County, 586 So.2d at 210; King v. Colbert County, 620 So.2d 623, 626 (Ala. 1993); Carr, 916 F.2d at 1525-26; Ex parte Purvis, 689 So.2d 794 (Ala. 1996) (holding sheriff and deputy were entitled to sovereign immunity in both their individual and official capacities); Ex parte Haralson, 871 So.2d 802, 807 (Ala. 2003) (holding deputy sheriff entitled to

8

sovereign immunity); <u>Ex parte McWhorter</u>, 880 So.2d 1116, 1117 (Ala. 2003) (holding deputy sheriff entitled to sovereign immunity).  Consequently, all of the Plaintiff's state law claims against the Defendants are due to be dismissed.

> B. **<u>The Eleventh Amendment to the United States Constitution also bars Plaintiff's state law claims.</u>**

The Plaintiff's state law claims are also due to be stricken for lack of subject matter jurisdiction.  As discussed above, the Defendants are executive officers of the State of Alabama.  As such, any claims brought against them are claims against the State.  The Eleventh Amendment bars any claims, including state law claims, brought against a state or its officials in the absence of state consent.  <u>See</u> <u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 99-100 (1984) (holding the Eleventh Amendment barred state law claims brought in district court under pendent jurisdiction).  The Plaintiff has not alleged a waiver of immunity nor has the State consented to this suit.  Consequently, this Court lacks jurisdiction over the Plaintiff's claims and they are due to be dismissed.

**WHEREFORE, THE PREMISES CONSIDERED**, the Defendants, Kearley and Lowery, respectfully request that this Court dismiss each count of the Plaintiff's Complaint against them and award them any other relief to which they may be entitled.

Respectfully submitted this 10th day of March, 2008.

    s/Daryl L. Masters
    DARYL L. MASTERS (MAS018)
    C. RICHARD HILL, JR. (HIL045)
    Attorneys for Defendants

OF COUNSEL:

WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama  36124
Telephone:  (334) 262-1850
Fax:  (334) 262-1889
E-mail:  rrobertson@webbeley.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this the 10th day of March, 2008, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide notice to the following CM/ECF participant:  **J. Scott Hooper, Esquire.**

                                    **s/Daryl L. Masters**
                                    OF COUNSEL