IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

WILLIAM ALLEN KIRKLAND

§

**PLAINTIFF**                                        §

**VS**                                               §                    CASE NO. 2:08-CV-86-WC

§

**THE COUNTY COMMISSION**                §

**OF ELMORE COUNTY,**                    §

**ALABAMA;**                             §

**JAILER KEARLEY; and**                  §

**CHIEF DEPUTY RICKEY LOWERY**           §

**DEFENDANTS**                           §

### PLAINTIFF'S OBJECTION TO DEFENDANTS, CHRISTOPHER KEARLY AND RICKY LOWEREY'S MOTION TO DISMISS

COMES NOW William Kirkland in the above styled action and object to the motion to dismiss filed by Defendants Kearley and Lowery and shows unto this Honorable Court as follows:

FACTS

1.     On November 16, 2005 the Plaintiff agreed to and did plea to a sexual related crime in the Circuit Court of Elmore County, Alabama case number CC-03-433 and by agreement was to serve thirty (30) days in the Elmore County, Alabama detention facility to begin on January 12, 2006 and was to be released on February 10, 2006. Plaintiff agreed to serve the thirty (30) days currently with a plea and sentence of thirty (30) days in CC-05-340 Elmore County, Alabama.

2.     Plaintiff was not released until March 3, 2006. Plaintiff was told on February 10, 2006 that the Jailer and Chief Deputy had not sent out the notices to the public informing

the same that a sexual offender would be residing near them at 116 Davis Lane Wetumpka, AL 36093.

3.     On February 10, 2006, Jailer Christopher Kearly, Chief Deputy Ricky Lowery, and Sheriff Franklin told Plaintiff Kirkland that he was not being released due to the failure of Jailer Kearly and Deputy Lowery to send out the required notices to the neighbors where Plaintiff was to reside at 116 Davis Lane in Wetumpka, Alabama.

4.     After a filing of a Writ of Habeas Corpus by the attorney for Plaintiff, the same was taken up by the Court of Elmore County, Alabama on March 3, 2006. The Court ordered the release of Plaintiff at that time.

5.     Defendants Kearly and Lowery claim qualified immunity, absolute immunity, sovereign immunity, not liable for theory of respondeat superior, and lack of jurisdiction over state claims.

ARGUMENT

A motion to dismiss should be granted when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." For the sufficiency of the complaint, the Supreme Court has given us this guidance: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 102 (1957). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations -- on their face -- show that an affirmative defense bars recovery on the claim.

In Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1151 (11th Cir. 1994) (en banc)(saying "[i]mmunity contemplates exemption from liability that would otherwise

exist on the merits"). A government-officer defendant is entitled to qualified immunity unless, at the time of the incident, the "pre-existing law dictates, that is, truly compel[s]," the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances. Id. at 1150.

As stated in the attached affidavit of William Kirkland, Defendants Kearly and Lowery knowingly continued the incarceration of Plaintiff beyond the required release date for reasons beyond the control of Plaintiff in clear violation of Plaintiff's civil rights. It is irrelevant as to why Plaintiff was not released at the required release date.

It is the duty of the Defendant Jailer and Defendant Chief Deputy to follow the orders of the trial Court and they did not. Defendants Kearly and Lowery were the officers in charge of running the jail and carrying out the orders of the Court. Defendants knowingly continued the incarceration of Plaintiff in clear violation of Plaintiff's civil rights with deliberate indifference.

## CONCLUSION

Defendants are not entitled to qualified immunity, absolute immunity, for intentional, deliberate, and intentional violations of a Plaintiff's civil rights. The claims against these Defendants should remain against them individually and in their official capacity for the reasons named herein above. The Court has discretion to take up the state claims made in this action.

WHEREFORE, THE PREMISES CONSIDERED, the Defendants Kearly and

Lowery's motion to dismiss should be and is due to be DENIED.

Respectfully submitted this the 28th day of May 2008.

s/J. Scott Hooper
Attorney for Plaintiff

OF COUNSEL:
The Hooper Law Firm, PC
8325 Crossland Loop
P.O. Box 241493
Montgomery, AL 36124-1493
334-271-1555 Office
334-271-1552 Facsimile
jshooper@knology.net

## CERTIFICATE OF SERVICE

I hereby certify that I have this 28th day of May 2008 electronically filed the foregoing
with the Clerk of this Court using the CM/ECF system, which will provide notice to the
following CM/ECF participant(s): Daryl Masters, and Richard Hill.

s/J. Scott Hooper
of counsel

Exhibit "A"

## AFFIDAVIT OF WILLIAM ALLEN KIRKLAND

STATE OF ALABAMA                          )
                                          )
MONTGOMERY COUNTY                          )

     The witness being first being duly sworn, deposes and says on oath that he has personal knowledge of the facts stated herein as follows:

1.    My name is William Allen Kirkland and I am the Plaintiff in the pending action of 2:08-CV-86 United States District Court Middle District of Alabama.

2.    On November 16, 2005 I had agreed to and did plea to a sexual related crime in the Circuit Court of Elmore County, Alabama. By agreement I was to serve thirty (30) days in the Elmore County, Alabama detention facility to begin January 12, 2006 and be released on February 10, 2006.

3.    On February 10, 2006, I was told by Jailer Kearley, Chief Deputy Lowery, and Sheriff Franklin that I was not being released because Chief Deputy Lowery and Jailer Kerley had not sent out the now required notices to the neighbors that I would be residing at 116 Davis Lane in Wetumpka, Alabama.

4.    The conversation with Franklin, Kearley, and Lowery further progressed that they (Franklin, Kearley, and Lowery) knew that I was due to be released on that day but that they could not release me due to the mix up in the failure to send out the notices.

5.    My then appointed attorney acquired my release on March 3, 2006 by a filing of a Habeas Corpus motion which was granted by the trial court judge.

Further deponent saith not.


_William Allen Kirkland_
William Allen Kirkland

    SWORN TO AND SUBSCRIBED BEFORE ME on this 28 day of May 2008 in Montgomery County, Alabama witness my hand and official seal of office.

_Notary Public, State at Large_
Notary Public, State at Large
My commission expires ___My Commission Expires 03/0?
3\7\12