IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM ALLEN KIRKLAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08-cv-86-WC |
| | ) |
| ELMORE COUNTY COMMISSION, CHRISTOPHER KEARLEY, and RICKY LOWERY | ) ) ) ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS, ELMORE COUNTY COMMISSION, CHRISTOPHER KEARLEY, AND RICKY LOWERY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

COME NOW the Elmore County Commission, Christopher Kearley,[1] and Ricky Lowery, Defendants in the above-styled action, and submit this Reply to the Plaintiff's Objection to the Defendants' Motion to Dismiss.

### INTRODUCTION

In Defendants Christopher Kearley and Ricky Lowery's Motion to Dismiss the Plaintiff's Complaint, filed March 10, 2008, the Defendants presented legal authority and arguments showing that the Plaintiff's Complaint was due to be dismissed. First, the Defendants asserted that the Plaintiff's federal official capacity claims against Chief Deputy Lowery are due to be dismissed because he has absolute immunity. Second, the Defendants argued that the Plaintiff's Fourth Amendment claims are due to be dismissed for failure to state a claim upon which relief can be granted. Next, the Defendants averred that they are entitled to qualified immunity, and

---

[1] Christopher Kearley is erroneously identified as "Christopher Kearly" in the Plaintiff's Objection to the Defendants' Motion to Dismiss.

1

that the Plaintiff's Complaint failed to sufficiently plead facts to support the alleged due process violations. Fourth, the Defendants asserted that no factual basis existed for the Plaintiff's allegation of liability under a theory of *respondeat superior*. Finally, the Defendants contended that the Plaintiff's state law claims are due to be dismissed as a matter of law because the Defendants are entitled to sovereign immunity and this court is without jurisdiction to hear the Plaintiff's state law claims.

**ARGUMENT**

**I. THE PLAINTIFF'S CLAIMS AGAINST THE ELMORE COUNTY COMMISSION HAVE BEEN ABANDONED.**

Although the undersigned counsel also filed a Motion to Dismiss and supporting brief on behalf of the Elmore County Commission, the Plaintiff has made no argument in response to the County Commission's Motion to Dismiss. Because the Plaintiff has failed to address the Elmore County Commission's arguments in his Objection, he is deemed to have waived these issues, any of which would entitle the County Commission to dismissal of the Plaintiff's claims. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (finding that a party who fails to address an issue has waived it); Coalition of the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) (party's failure to brief and argue an issue is grounds for considering it abandoned).

**II. THE PLAINTIFF HAS FAILED TO REBUT SEVERAL OF THE DEFENDANTS' ARGUMENTS.**

In his Objection to the Defendants' Motion to Dismiss, the Plaintiff failed to respond to the following arguments made by the Defendants:

   (1) The Plaintiff has no cause of action arising under the Fourth Amendment.

2

  (2)  The Defendants may not be held liable to the Plaintiff under a theory of *respondeat superior*.

  (3)  The Plaintiff's state law claims are barred by the Eleventh Amendment to the United States Constitution.

Because of the Plaintiff's failure to respond to the aforementioned arguments, such attempts to state a claim have been abandoned by the Plaintiff and are therefore due to be dismissed. See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (The District Court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."); Drakeford v. Alabama Co-op. Extension System, 416 F. Supp. 2d 1286, 1313 (M.D. Ala. 2006) (finding that plaintiff abandoned claim where he "failed to address it at all in his reply brief"); O'Gwynn v. City of Foley, 2002 WL 32993824, at *3 n.6 (slip op.) (S.D. Ala. 2002) (presuming plaintiff abandoned potential claim where he did not address it in his summary judgment response).

### III. THE PLAINTIFF'S CONSTITUTIONAL CLAIMS ARE DUE TO BE DISMISSED FOR FAILURE TO SATISFY THE BURDEN OF PLEADING.

The Plaintiff has failed to sufficiently plead facts demonstrating that either Defendant violated his Fourteenth Amendment due process rights. In his response to the Defendants' Motion to Dismiss, the Plaintiff, rather than elaborating how either of the Defendants was personally involved in the alleged violation of his rights, merely reiterates his broad assertion that the Defendants "knowingly continued the incarceration of the Plaintiff beyond the required release date…" (Objection to Motion to Dismiss, ¶ 6).

Having failed to allege in his Complaint the required element of deliberate indifference, the Plaintiff offers nothing more to bolster his Fourteenth Amendment claims than the bare allegation that the Defendants did not "follow the orders of the trial court" and "knowingly continued the incarceration of Plaintiff in clear violation of Plaintiff's civil rights with deliberate

indifference." (Objection to Motion to Dismiss, ¶ 7). To show deliberate indifference, there must be "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). See also Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). Here, the Plaintiff has simply tacked on the words "deliberate indifference" to an overly-broad allegation unsupported by any factual basis. The Eleventh Circuit has consistently held that to survive a Motion to Dismiss, a plaintiff must allege something more than mere legal conclusions. See Aquatherm Industries, Inc. v. Florida Power & Light Co., 145 F.3d 1258, 1261 (11th Cir. 1998) (affirming dismissal and approving district court's reasoning that "vague, conclusory allegations are insufficient to state a claim upon which relief can be granted"). Thus, the Plaintiff's Fourteenth Amendment claims are insufficiently pleaded and due to be dismissed.

In his Brief in Objection to the Defendants' Motion to Dismiss, the Plaintiff fails to meet the heightened pleading standard required for § 1983 cases involving qualified immunity. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998). The only case law offered in support of the Plaintiff's allegations is Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1151 (11th Cir. 1994). However, aside from referencing a general proposition of qualified immunity[2], the Plaintiff fails to provide any facts to rebut the Defendants' assertions of qualified immunity. Even if Plaintiff had met the heightened pleading standard, his Complaint contains mere conclusory allegations, not factually specific claims, against the Defendants. Because the

---

[2] "A government-officer defendant is entitled to qualified immunity unless, at the time of the incident, the 'pre-existing law dictates, that is truly compel[s],' the conclusion for all reasonable, similarly situated public officials that what Defendant was doing violated Plaintiffs' federal rights in the circumstances. [Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994)]." (Objection to Motion to Dismiss, ¶ 7).

Plaintiff has failed to rebut Chief Deputy Lowery and Christopher Kearley's showing that they are entitled to qualified immunity, it is conclusively established that their Motion to Dismiss is due to be granted.

IV.   **THE PLAINTIFF'S STATE LAW CLAIMS ARE DUE TO BE DISMISSED BASED ON THE IMMUNITY OF STATE OFFICERS FOUND IN ALABAMA'S CONSTITUTION AT ARTICLE I, SECTION 14.**

The only instance in which absolute immunity is even mentioned in the Plaintiff's Objection to the Defendants' Motion to Dismiss is found in the concluding paragraph. Without providing any factual support whatsoever, the Plaintiff simply asserts that "Defendants are not entitled to qualified immunity, absolute immunity, for intentional, deliberate, and intentional violations of a Plaintiff's civil rights." (Objection to Motion to Dismiss, ¶ 8).

Assuming *arguendo* that the Plaintiff had satisfied his burden of pleading for his state law claims, they must nevertheless be dismissed for failure to state a claim upon which relief may be granted. The Alabama Supreme Court has bifurcated state law immunity into two types: absolute sovereign immunity afforded constitutional officers and a more limited "state-agent immunity" for lower level state employees. See Ex parte Purvis, 689 So. 2d 794, 795-96 (Ala. 1996) ("In the first place, [cases limiting immunity] did not deal with claims against a sheriff and a deputy sheriff or other constitutional officer, but instead dealt with 'intentional wrongful conduct' . . . involving state employees.") (internal citations omitted); Sheth v. Webster, 145 F.3d 1231, 1236 (11th Cir. 1998) ("Alabama law recognizes at least two types of immunity from suit or liability for the individual executive acts of public officers[:] . . . absolute "sovereign" immunity, except for injunctive relief, afforded to certain state constitutional officers, including sheriffs and deputy sheriffs . . . [and] a form of immunity, not absolute, to state, as opposed to municipal and county, executive officers who do not hold constitutional offices."). Chief Deputy

5

Lowery is entitled to the more potent *absolute* sovereign immunity as to all state law claims arising from the execution of his duties according to both Alabama Supreme Court and Eleventh Circuit precedent. See Ex parte Haralson, 853 So. 2d 928, 932 (Ala. 2003.) (granting writ of mandamus and concluding that "if Deputy Haralson was acting within the line and scope of his duties at the time of the accident, he would be entitled to state immunity because none of the exceptions quoted above [involving injunctive or declaratory relief] apply in the instant case"). See also Hereford v. Jefferson County, 586 So. 2d 209, 210 (Ala. 1991) (recognizing that deputy sheriffs are immune to the same extent as sheriffs because the deputy sheriff is the alter ego of the sheriff.).

The sole exception to this general rule of immunity is provided under Article V, § 112 of the Alabama Constitution of 1901 for suits brought against the Sheriff to compel performance of his duties or administrative acts, to enjoin him from enforcing unconstitutional laws, or acting in bad faith, fraudulently beyond his authority or under a mistaken interpretation of the law, or to seek construction of the statute under the Declaratory Judgment Act. The only exceptions allowed by the Alabama Supreme Court under § 14 are to *enjoin* the conduct of the state official. See Alexander v. Hatfield, 652 So. 2d 1142, 1143 (Ala. 1994) (finding deputy immune from suit although Plaintiff alleged "bad faith" service of process). However, the Plaintiff in the instant case is seeking monetary damages rather than injunctive relief.

Defendant Christopher Kearley (referred to in the Complaint as "Jailer Kearly"), is extended the same protection under Alabama's grant of sovereign immunity found in Article I, § 14 of the Alabama Constitution. "County jailers are also afforded absolute immunity because of their close working relationship with the sheriff." Bracknell v. Montgomery County Commission, 2007 WL 1034961 (M.D.Ala. 2007) (citing Lancaster v. Monroe County, Ala., 116

F.3d 1419, 1429 (11th Cir. 1997)). Thus, all claims against Chief Deputy Lowery and Christopher Kearley are due to be dismissed based upon the Defendants' entitlement to absolute sovereign immunity.

## CONCLUSION

Based on the foregoing, as well as the arguments set forth in their Motion to Dismiss and Brief in support of same, Defendants Christopher Kearley and Ricky Lowery request this Court to dismiss the Plaintiffs' Complaint against them.

Respectfully submitted this 9th day of July, 2008.

                                                s/C. Richard Hill, Jr.
                                                DARYL L. MASTERS (MAS018)
                                                C. RICHARD HILL, JR. (HIL045)
                                                Attorneys for Defendants

OF COUNSEL:

Webb & Eley, P.C.
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124-0909
(334) 262-1850 - Telephone
(334) 262-1772 – Fax
rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **J. Scott Hooper, Esquire.**

                                                s/C. Richard Hill, Jr.
                                                OF COUNSEL