IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM ALLEN KIRKLAND, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:08cv86-MEF |
| ) | |
| THE COUNTY COMMISSION OF ) | |
| ELMORE COUNTY, ALABAMA, *et al.,* ) | (WO- Do Not Publish) |
| ) | |
| DEFENDANTS. ) | |

## MEMORANDUM OPINION AND ORDER

On February 7, 2008, William Allen Kirkland ("Kirkland") filed suit against the County Commission of Elmore County, Alabama ("the Commission"), Ricky Lowery ("Lowery"), and Jailer Kearley ("Kearley"). Kirkland alleges that on January 12, 2006, he reported to the Elmore County detention facility to serve a thirty (30) day sentence, but that he was not released until March 3, 2006. Kirkland alleges that he was told that Lowery and Kearley had not sent out legal required notices to the public informing them that Kirkland, a convicted sex offender, would be residing near them. Apparently, Kirkland believes that Lowery and Kearley held him in the detention facility for longer than the sentence imposed so that they could complete the sex offender notification process. Pursuant to 42 U.S.C. §§ 1983 and 1988, Kirkland seeks damages from the defendants for alleged violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, pursuant to Alabama tort law, he seeks damages from defendants for negligence, negligent training, wantonnes[sic], and willfulness.

On March 10, 2008, the Commission filed a Motion to Dismiss (Doc. # 4). This motion was supported by an eleven page brief in which the Commission set forth various legal arguments for its contention that the Complaint against it failed to state a claim for which relief could be granted. The Commission correctly notes that the Complaint is devoid of factual allegations regarding the basis for Kirkland's claims against the Commission. Presumably, he seeks to hold the Commission responsible for the actions of Lowery and Kearley. The Commission quite correctly notes that as to the claims pursuant to 42 U.S.C. § 1983, Kirkland cannot hold the Commission liable on a *respondeat superior* theory of liability. Moreover, the Commission correctly notes that Alabama law provides no authorization for a county or a county commission to supervise the operation of county jails or detention facilities. Indeed, the Commission sets forth numerous legal arguments in support of the dismissal of the claims against it and seeks attorney's fees and costs it contends are owed it by Kirkland pursuant to 42 U.S.C. § 1988.

On May 7, 2008, the Court entered an Order (Doc. # 13) requiring Kirkland to respond to the Commission's motion to dismiss and to a motion to dismiss filed by the individual defendants. The wording of this Order unambiguously requires a response from Kirkland to both motions by no later than May 28, 2008. On May 28, 2008, Kirkland's counsel filed a brief response in opposition to the motion to dismiss filed by Kearley and Lowery (Doc. # 15). To date, Kirkland have made no response whatsoever to the Commission's motion to dismiss. This is true despite the fact that on July 9, 2008, the

Commission's counsel filed an unsolicited reply brief (Doc. # 16) pointing out that Kirkland should be deemed to have abandoned his claims against the Commission because he had failed to respond in any way to its motion to dismiss.

## DISCUSSION

Because Kirkland has failed to defend his claims against the Commission, those claims are due to be dismissed. Courts in the Eleventh Circuit and beyond have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *See, e.g., Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (finding that plaintiff abandoned claim by failing to defend it in response to a motion to dismiss); *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to claims in a defendant's motion to dismiss resulted in dismissal of those claims as abandoned). As previously noted, Kirkland has failed to respond in any way to the Commission's motion and thus, has neglected to address the merits of the Commission's contentions with regard to Kirkland's claims against it. This inaction supports a finding of abandonment. *See, e.g., Hudson v. Norfolk Southern Ry. Co.*, 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) (providing that "[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned[ ]" (citing *Resolution*

3

*Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995)). Indeed, this Court is not under a duty to exercise imagination or conjure what a party might have argued, but did not argue; nor is this Court obliged to do counsel's work for him.. *See Lyes v. City of Riviera Beach, Fla.*, 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it"); *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("[i]t is not for the court to manufacture arguments on Plaintiff's behalf"). Accordingly, a party's decision not to proffer argument or authority in response to a dispositive motion is at his peril. Alternatively, the Court finds that the legal arguments advanced by the Commission in its brief in support of its motion to dismiss are well taken and warrant dismissal on the merits as well.

## CONCLUSION

For these reasons, it is hereby ORDERED that the Motion to Dismiss (Doc. # 4) is GRANTED and all claims against The County Commission of Elmore County, Alabama are DISMISSED with prejudice. To the extent that this defendant has moved for attorney's fees pursuant to 42 U.S.C. § 1988, that request is DENIED at this time, but the Court reserves the right to revisit this ruling at a later date if it deems it appropriate.

DONE this the 6th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE