IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM ALLEN KIRKLAND, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:08cv86-MEF |
| ) | |
| THE COUNTY COMMISSION OF ) | |
| ELMORE COUNTY, ALABAMA, *et al.,* ) | (WO- Do Not Publish) |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

On February 7, 2008, William Allen Kirkland ("Kirkland") filed suit against the County Commission of Elmore County, Alabama ("the Commission"), Ricky Lowery ("Lowery"), and Jailer Kearley ("Kearley"). Kirkland alleges that on January 12, 2006, he reported to the Elmore County detention facility to serve a thirty (30) day sentence, but that he was not released until March 3, 2006. Kirkland alleges that he was told that Lowery and Kearley had not sent out legal required notices to the public informing them that Kirkland, a convicted sex offender, would be residing near them. Apparently, Kirkland believes that Lowery and Kearley held him in the detention facility for longer than the sentence imposed so that they could complete the sex offender notification process. Pursuant to 42 U.S.C. §§ 1983 and 1988, Kirkland seeks damages from the defendants for alleged violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, pursuant to Alabama tort law, he seeks damages from defendants for negligence, negligent training, wantonnes[sic], and willfulness.

This cause is now before the Court on the Defendants, Christopher Kearley and Ricky Lowery's, Motion to Dismiss (Doc. # 6) filed on March 10, 2008. Through his counsel Kirkland has opposed this motion. For the reasons stated in this Memorandum Opinion and Order, the Court finds that the motion is due to be GRANTED in part and DENIED in part.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343(a), and 1367. Additionally, defendants have not argued that the court does not have personal jurisdiction over each of them. There is no dispute over whether venue pursuant to 28 U.S.C. § 1391(b) is appropriate as alleged.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. The

plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true." *Id*. It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 1968 (internal quotation and alteration omitted). In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

The federal claims in this action are brought against defendants pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983;[1] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a

---

[1] Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3

method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994). To state a claim pursuant to § 1983, a plaintiff must point to a violation of a specific federal right. *See, e.g., Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996).

## DISCUSSION

### A. Federal Claims Against Kearley and Lowery in Their Official Capacities

As previously stated, Kirkland brings his claims pursuant to § 1983 alleging that Kearley and Lowery violated his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America. With respect to these claims against Kearley and Lowery in their official capacities,[2] Kearley and Lowery have moved to dismiss because they contend the Eleventh Amendment bars such claims against them.

A suit against a government official in his official capacity is considered a suit against the official's office itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). When that office is an arm of the state government, the Eleventh Amendment "protects the sovereignty of the state by prohibiting suits when recovery would be paid from state funds."[3] *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637, 638-39 (11th Cir. 1992); *see Edelman v. Jordan*, 415 U.S. 651 (1976) (defining scope of sovereign immunity under the Eleventh

---

[2] While in some portions of the Complaint it appears that Kirkland is suing Kearley in his individual capacity only, other portions of the Complaint are less clear. The Court will assume *arguendo* that the Complaint includes claims against Kearley in his individual and official capacities.

[3] There is no indication that Alabama has waived its sovereign immunity.

4

Amendment).

Under Alabama law, it is well-settled that sheriffs are executive officers of the state, and, as a result, suits against a sheriff are considered suits against the state. *Parker v. Amerson*, 519 So.2d 442, 442-43 (Ala.1987) ("A sheriff is an executive officer of the State of Alabama ...."); *see also McMillan v. Monroe County, Ala.*, 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers and suits against them in their official capacity are suits against the state). This immunity also extends to the sheriff's deputies. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1526 (11th Cir. 1990). Similarly, this immunity also extends to jailers. *See Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997). Accordingly, this Court must consider a suit against Lowery in his official capacity as a deputy sheriff of Elmore County, Alabama and against Kearley in his official capacity as jailer as a suit against the State of Alabama. Because the Eleventh Amendment bars suits against the state in federal court, in the absence of consent, this Court has no jurisdiction to hear any claims for monetary damages, which claims are the only claims Kirkland brings, against Kearley or Lowery in their official capacities and those claims are due to be DISMISSED.

**B. Federal Claims Against Kearley and Lowery in Their Individual Capacities**

While the Eleventh Amendment shields state officers from damage suits in their official capacities, these officials are individually amenable to suit under 42 U.S.C. § 1983 for violations of the United States Constitution and federal law. *See Graham*, 473 U.S. at

165-67. However, a government official sued in his individual capacity under § 1983 may assert qualified immunity as an affirmative defense if he was performing a discretionary function. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). "Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." *Id*. If the plaintiff fails to furnish sufficient factual allegations at this stage, the defendant officer is entitled to judgment. *See Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001). In this case, there is no dispute as to whether Kearley and Lowery were engaged in discretionary functions.

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court delineated a two-step analysis for determining whether an officer, who was engaged in a discretionary function, is eligible for qualified immunity. The initial inquiry focuses on whether the plaintiff's allegations, if considered true, show that the officer violated a constitutional right. *Id*. The absence of a constitutional violation ends the inquiry. *Id*. However, where a court does find that an officer acted in an unconstitutional manner, the analysis turns to whether the right in question was clearly established so that the officer had fair warning that his conduct was constitutionally prohibited. *Id*.

"For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation and internal quotations omitted). This

standard does not require a prior court decision to have declared the precise set of facts presently alleged unlawful, "but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 438 U.S. 635, 640 (1987). "The salient question. . . is whether the state of the law . . . gave [the officers] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Hope*, 536 U.S. at 741.

The Eleventh Circuit has further refined the analysis of when the law is clearly established. It has observed that "fair and clear" notice may be given by (1) the "obvious clarity" of the pertinent federal statute or constitutional provision, such that qualified immunity may be overcome in the "total absence of case law," (2) the judicial determination that certain conduct has been defined as unlawful without regard to particular facts, and (3) holdings in specific cases that are tied to certain facts. *Vinyard v. Wilson*, 311 F.3d 1340, 1350-51(11th Cir. 2002) (emphasis removed). Only the decisions of the Supreme Court, the Eleventh Circuit, or the highest court in the state in which the case arose provide the case law capable of clearly establishing the boundaries of rights in the qualified immunity analysis. *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003).

More than a decade ago, the Eleventh Circuit Court of Appeals required plaintiffs bringing claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard. *See, e.g., Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992), *cert. denied,* 507 U.S. 987 (1993). To satisfy this standard in such cases, a plaintiff must plead her claims with some factual detail. *Id.* at 1485.

In 1993, the Supreme Court of the United States held that courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities, but it specifically declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993). It is clear that after the *Leatherman* decision, the Eleventh Circuit Court of Appeals determined that it was still appropriate to require heightened pleading in some cases pursuant to 42 U.S.C. § 1983 or similar cases. *See, e.g, Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250-51 (11th Cir. 2003) (affirming the district court's decision to apply heightened pleading standard to a § 1983 claim); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (applying heightened pleading standard to motion to dismiss in a *Bivens* action); *Laurie v. Alabama Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials"); *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d 1359, 1367-68 (11th Cir. 1998).

In 2002, the United States Supreme Court decided a case which once again has caused some courts to reconsider the appropriateness of requiring heightened pleading. In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), the Supreme Court held that "an

employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth by *McDonnell Douglas Corp. v. Green*] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,* 534 U.S. at 508 (*citing* Fed. R. Civ. P. 8(a)(2)). While the clearly announced specific holding of this case makes it plain that it is applicable to employment discrimination cases and does not address cases against individual governmental actors pursuant to 42 U.S.C. § 1983, nearly every Circuit Court of Appeals has subsequently rejected a heightened pleading requirement in cases against government officials pursuant to 42 U.S.C. § 1983.[4]  Despite this apparent trend, the Eleventh Circuit Court of Appeals has reiterated that it requires heightened pleading in civil rights cases to the extent that they are brought against individual defendants who might raise a qualified

---

[4] The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading in the wake of *Leatherman , Swierkiewicz* and *Crawford-El v. Britton,* 532 U.S. 574 (1998) (rejecting a heightened burden of proof in a civil rights case against government officials).  *See, e.g., Doe v. Cassel,* 403 F.3d 986, 988-89 (8th Cir. 2005); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004); *Alston v. Parker,* 363 F.3d 229, 233-35 (3rd Cir. 2004); *Phelps v. Kapnolas,* 308 F.2d 180, 187 (2d Cir. 2002); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell,* 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Currier v. Doran,* 242 F.3d 905, 911-17 (10th Cir. 2001); *Harbury v. Deutch*, 233 F.3d 596, 610 (D.C. Cir. 2000), *rev'd on other grounds sub nom. Christopher v. Harbury,* 536 U.S. 403 (2002) ("plaintiffs making constitutional claims based on improper motive need not meet any special heightened pleading standard").  *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004). The Fifth Circuit Court of Appeals does not have heightened pleading, but instead uses a procedure pursuant to Federal Rule of Civil Procedure 7(a) in cases where a government official wishes to raise qualified immunity. *See, e.g., Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995).

immunity defense on several occasions since the Supreme Court decided *Swierkiewicz*. *See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez,* 325 F.3d at 1235. In light of the binding decisions from the Eleventh Circuit Court of Appeals and the absence of direct authority from the United States Supreme Court to the contrary, this Court will continue to apply the heightened pleading standard in cases pursuant to 42 U.S.C. § 1983 against governmental officials sued in their individual capacities.

With respect to Kirkland's claims of violation of his rights under the Fourth Amendment, Kearley and Lowery contend he has failed to state a claim for which relief can be granted. Kirkland makes no attempt to refute this contention. Having considered the applicable legal authorities, the Court is persuaded that the factual predicate alleged does not support a claim that Kirkland's rights under the Fourth Amendment were violated. Accordingly, those claims are due to be DISMISSED.

Kirkland's remaining federal claim is his claim against Kearley and Lowery in their individual capacities for an alleged violation of his rights under the Fourteenth Amendment. With respect to this claim, Kearley and Lowery contend that Kirkland has failed to plead the claim with the degree of specificity required by prior decisions of the Eleventh Circuit Court of Appeals. The Court agrees. However, rather than dismissing this action outright, the Court will allow Kirkland an opportunity to file an Amended Complaint setting forth his claims against Kearley and Lowery in their individual capacities only for alleged violations

of his rights under the Fourteenth Amendment to the United States Constitution. Kirkland should not attempt to replead any of the claims dismissed by this Memorandum Opinion and Order. Furthermore, until the Court ascertains whether it will have any remaining claims over which it has original subject matter jurisdiction, the Court declines to address the merits of the motion to dismiss as it pertains to the claims over which this Court has supplemental jurisdiction. Kirkland may replead any state law claims in his amended complaint or he may elect to abandon those claims in light of his failure to find any arguments in opposition to the merits of the motion to dismiss those claims. Counsel for Kirkland is reminded of his obligations pursuant to Federal Rule of Civil Procedure 11. He must keep those obligations in mind as he crafts an amendment to the complaint.

For the foregoing reasons, it is hereby ORDERED as follows:

1. Defendants, Christopher Kearley and Ricky Lowery's, Motion to Dismiss (Doc. # 6) filed on March 10, 2008 is GRANTED in part and DENIED in part.

2. All federal claims against Defendants Kearley and Lowery in their official capacities are DISMISSED with PREJUDICE.

3. All federal claims against Defendants Kearley and Lowery in their individual capacities for alleged violations of Kirkland's rights under the Fourth Amendment to the United States Constitution are DISMISSED with PREJUDICE.

4. The motion to dismiss is DENIED to the extent that it seeks dismissal of all federal claims against Defendants Kearley and Lowery in their individual capacities for alleged

violations of Kirkland's rights under the Fourteenth Amendment to the United States Constitution and Kirkland's claims pursuant to Alabama law.

5. To the extent that Kirkland wishes to persist in the claims set forth in Paragraph 4 above, he shall file an Amended Complaint in compliance with the dictates of Federal Rule of Civil Procedure 11 and the requirements of the decisions of the Eleventh Circuit Court of Appeals with respect to "heightened pleading." The Amended Complaint shall be filed by no later than **April 17, 2009**. Failure to file an Amended Complaint by that date will be deemed an indication that Kirkland wishes to abandon any remaining claims and will result in the dismissal of his claims without prejudice.

DONE this the 18th day of March, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE